IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN,  )  )  )  Plaintiff,  )  )  v.                                  )  )  BRIAN KEMP, *et al.*,         )  )  )  Defendants.          )  ) | CIVIL ACTION NO. 5:22-CV-145 (MTT) |

## ORDER

On April 4, 2022, Plaintiff Manetirony Clervrain, proceeding pro se, filed his complaint. Doc. 1. That same day, he filed a motion to proceed *in forma pauperis* ("IFP"). Doc. 2. The Court has conducted a preliminary review of the plaintiff's complaint. After review, the plaintiff's complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it is frivolous, and it fails to state a claim for which relief may be granted.

### I. DISCUSSION

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous."  *Martinez*, 364 F.3d at 1307 (internal quotation marks, alterations, and citation omitted).  When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2]  *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  However, because the plaintiff is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted).  But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*."  In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted)).

to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

Here, the plaintiff does not allege any facts concerning what the defendants did to him that violated his rights. Rather, the plaintiff's complaint is rambling, incomprehensible, and simply does not state a claim. This appears to be the plaintiff's modus operandi.

The plaintiff has filed over 300 cases and appeals in federal courts nationwide. *Clervrain v. Keller*, 2022 WL 1228208, at *1 (N.D. Tex Apr. 26, 2022). The plaintiff has been repeatedly identified as a litigant who abuses the judicial process. *See, e.g., Clervrain v. John bel Edwards,* 2022 WL 636048, at *1 (M.D. La. Feb. 11, 2022) ("This case was just another stop in Plaintiff Manetirony Clervrain's four-year tour of this nation's district and appellate courts. As other courts have noted, Plaintiff has filed 216 actions in federal district courts in 39 states, spanning from Alaska to Florida and Hawaii to Maine. Plaintiff's tour has taken him to every federal circuit court, the United States panel on Multidistrict Litigation, and even the Supreme Court of the United States."); *Clervrain v. Washington*, 2020 WL 7318096, at *2 (S.D. Ohio Dec. 11, 2020) (Plaintiff attempts to "bamboozle the court."); *Clervrain v. Pompeo*, 2020 WL 7714613, at *2 (E.D. Mo. Dec. 28, 2020) ("indecipherable" complaint that discusses "apartheid, genocide, terrorism, the Vienna Convention, and mass deportation*"); Clervrain v. Sawyer*, 2020 WL 3424893, at *2 (W.D. Mich. June 23, 2020) ("the court is unable to decipher Plaintiff's rigmarole"); *Clervrain v. Wilson*, 2020 WL 1977392, at *2 (W.D. Ark. Apr. 24, 2020) ("the Court can infer no plausible claims from the Plaintiff's 212 pages of jabberwocky"). Here, the plaintiff has filed yet another rambling and indecipherable

complaint that contains no factual allegations about how the defendants violated his rights. As one court put it, "[l]ike his other cases, Plaintiff's complaint here is an indecipherable hodgepodge of references to real and imagined laws with few, if any, facts alleged." *Edwards*, 2022 WL 636048, at *4.

A district court properly dismisses a complaint when the plaintiff, other than naming the defendants in the caption of the complaint, fails to state any allegations that connect the defendants with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)). Because the plaintiff has not alleged any facts concerning how the defendants violated his rights, the Court finds that the plaintiff has not stated a claim for relief. *See* Fed. R. Civ. P. 8(a). Moreover, the plaintiff will not be given an opportunity to amend his complaint because, as evidenced by the multitude of similar cases that have already been filed and dismissed across the country, any amendment would be futile.

After review, the Court finds that the plaintiff's complaint fails to state a claim upon which relief may be granted and is entirely frivolous. Accordingly, the plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice**.

**SO ORDERED**, this 3rd day of May, 2022.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, CHIEF JUDGE
> UNITED STATES DISTRICT COURT